---

Argued February 14, affirmed March 5, 1918.

## In Re GRANTS PASS. IRR. DIST.

(000. Pac. 000.)

**Waters and Watercourses—Irrigation Districts—Organization—Bond Issue—Approval of Court—Statutes.**

1.   Under Title XLI, Chapter VII, L. O. L., as amended by legislative acts, providing for the organization of irrigation districts, the issuing and sale of bonds of said district, and by authority of Chapter 357, page 773, Section 41, Laws 1917, allowing special proceedings in the Circuit Court of the county in which the office of such district is located, for the purpose of having a judicial examination and judgment of the court as. to the regularity and legality of the proceedings of the board of directors of said district providing for and authorizing the issue and sale of bonds of said district, record examined and *held*, that the organization and existence of said irrigation district and the validity of the bonds it proposes to issue are regular in all respects and is therefore approved.

From Josephine: Frank M. Calkins, Judge.

Proceedings instituted by the directors of the Grants Pass Irrigation District to obtain from the court an order declaring valid and legal all the steps leading up to the organization of the district and the election

held as to the issuance and sale of bonds of the district. One of the land owners affected by the organization of the district filed a general demurrer, which, being overruled, declined to further plead; the court entered a decree approving both the organization of the district and the bond issue, from which decree the demurrant appeals.        Affirmed.

For appellant there was a brief and an oral argument by *Mr. Edward S. Van Dyke.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

Department 1.    Opinion Per Curiam.

1. Acting under the provisions of Chapter VII of Title XLI, L. O. L., and acts of the legislative assembly amendatory thereof the requisite number of freeholders petitioned the County Court of Josephine County to call an election to determine whether there should be established an irrigation district covering land mostly in that county but to a much less extent in the adjoining county of Jackson. Such proceedings were taken that an election was held in consequence of which the County Court on January 29, 1917, entered of record its order of that date declaring the result of the election to be in favor of the establishment of the district under the name, Grants Pass Irrigation District, and choosing certain named individuals directors and treasurer respectively. The order also proclaimed that the district is duly formed and in operation.

On September 4, 1917, in pursuance of a resolution unanimously adopted by it on that date all the directors being present the board of directors ordered an election to be held on October 4, 1917, in the district to de-

termine whether its bonds should be issued and sold in the sum of $290,000 par value, or so much thereof as may be necessary to install suitable irrigation works. The election was held on the day designated. The board canvassed the returns and declared the result to be in favor of the issuance and sale of bonds as the question was submitted to the electors.

On October 17, 1917, the directors instituted this proceeding to procure for the organization of the district and the issue of bonds the approval of the court. Such a step is authorized by Chapter 357, Section 41, of the Laws of 1917. That enactment in common with all preceding statutes on that subject, lays down this rule of construction for the guidance of the judiciary:

"The court hearing any of the contests provided for by this act, or any inquiry into the legality or correctness of any of the proceedings herein provided for, must disregard any error, irregularity, informality or omission which does not injuriously affect the substantial rights of the parties to said proceeding."

A general demurrer to the petition of October 17, 1917, was interposed by one of the landholders affected by the organization of the district and the transactions in pursuance thereof, to which allusion has been made, but it was overruled and, as he declined to plead further, the Circuit Court entered its decree approving the organization of the district and the bond issue. The demurrant appealed.

The briefs filed indicate that the proceeding is amicable and designed mainly to secure the judicial visé as imparting greater sanction to the bonds with the possible result of making them more salable. Notwithstanding this, we have given careful scrutiny to the history of the organization of the district and its action culminating in the authorization of the bond issue as portrayed in the very full record before us

and find it to be singularly free from error especially when measured by the statutory canon above quoted.

The decree of the Circuit Court will therefore be affirmed by one here entered also declaring regular in all respects the organization and existence of the district and the validity of the bonds it proposes to issue.

AFFIRMED.